DOCKET NO. 740

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CHRYSLER MOTORS CORPORATION OVERNIGHT EVALUATION PROGRAM LITIGATION

TRANSFER ORDER*

The litigation before the Panel presently consists of the twelve actions listed on the attached Schedule A and pending in six districts as follows:[1]/

| | |
|---|---|
| Eastern District of Michigan | 3 actions |
| Eastern District of Missouri | 3 actions |
| Southern District of Illinois | 2 actions |
| Eastern District of Pennsylvania | 2 actions |
| Eastern District of North Carolina | 1 action |
| Southern District of New York | 1 action |

Before the Panel is a motion, as amended, brought pursuant to 28 U.S.C. §1407 by Chrysler Motors Corporation (Chrysler) and its parent seeking centralization of all or part of the twelve actions in the Eastern District of Missouri for coordinated or consolidated pretrial proceedings.[2]/ The only opponents to centralization are plaintiffs in the New York action and defendants in the North Carolina action. The

---

\*   Judge Andrew A. Caffrey took no part in the decision of this matter.

[1]/ The motion before the Panel, as originally filed on August 7, 1987, pertained to an additional action pending in the Eastern District of Washington, <u>Keith Stennes, et al. v. Chrysler Motors Corportion</u>, C.A. No. C-87-429-AAM. On October 30, 1987, the Washington court granted the plaintiffs' motion to dismiss the action without prejudice. Accordingly, the question of transfer with respect to that action is moot.

[2]/ Subsequent to the filing of their original motion, movants amended their Section 1407 motion to include the three actions pending in the Eastern District of Michigan and an additional action pending in the Eastern District of Missouri. On October 26, 1987, movants filed an additional pleading requesting that, in the event the Panel ordered centralization, the principal claims in the North Carolina action be severed and simultaneously remanded so that only the counterclaim would remain in the transferee district. Additionally, the Panel has been advised of the pendency of three recently filed related actions pending, respectively, in the Northern District of Illinois, the Eastern District of Tennessee, and the District of Vermont. These actions wll be treated as potential tag-along actions. <u>See</u> Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

other responding parties agree on centralization, but some offer differing views on selection of the transferee forum. In addition to the Eastern District of Missouri, other suggested forums are the Eastern District of Pennsylvania, the Southern District of Illinois, the Eastern District of Michigan and the Southern District of New York.

On the basis of the papers filed and the hearing held, the Panel finds that centralization of all actions but the North Carolina action in the Eastern District of Missouri will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the centralized actions are brought as class actions against Chrysler or its parent by purchasers of Chrysler vehicles, who allege that defendants committed fraud and violated federal racketeering and/or motor vehicle laws in connection with a program whereby Chrysler allegedly tampered with, disconnected or rolled back odometers on motor vehicles that had been driven by Chrysler personnel prior to being sold to the public as new vehicles. Centralization under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with regard to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

The North Carolina action is significantly different from the other actions in this docket. Chrysler brings it against a Chrysler dealership and its principal and seeks, inter alia, authority to terminate the dealership based on defendants' alleged scheme to obtain improper sales incentive payments from Chrysler. Defendants have filed a counterclaim in which they allege that they were injured as a result of purchasing and selling vehicles which, unbeknownst to them, had odometers that had been tampered with by Chrysler. The North Carolina action thus involves a dispute between Chrysler and a Chrysler dealer, as opposed to the other MDL-740 actions, which involve disputes between Chrysler and consumers. Also, the action is not a class action. Movants have recognized the distinctive features of the North Carolina action and have requested, in effect, that only the counterclaim be included in Section 1407 proceedings, because only the counterclaim would involve issues related to the allegations of odometer tampering. Such an approach is challenged by the defendants in the North Carolina action, who insist that odometer issues will also arise in the context of affirmative defenses to Chrysler's claims against them. Under these circumstances, we are persuaded that the proper course is to exclude the North Carolina action from Section 1407 proceedings. To the extent that the North Carolina action shares some questions with the MDL-740 actions, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

We conclude that the Eastern District of Missouri is the most appropriate transferee forum for this litigation. We note that: 1) three of the twelve actions in this litigation are pending there; 2) a

related criminal action is pending there, and Chrysler has represented that much of the documentary evidence relating to plaintiffs' claims has been assembled by Chrysler there, either for the purpose of responding to subpoenas or for preparing the defense of the criminal action; 3) a now concluded grand jury proceeding occurred in the Eastern District of Missouri and, should the grand jury transcripts become discoverable, the discovery will have to occur there under the supervision of the Eastern District of Missouri court; and 4) two of the seven domestic Chrysler plants, the odometer practices of which are at issue in this litigation, are located in the Eastern District of Missouri. Some parties have urged that the reaching of a tentative class action settlement agreement in one of the Pennsylvania actions tips in favor of selection of the Eastern District of Pennsylvania as transferee forum, but we disagree. We note that the agreement has been reached at a very early stage in the action, and we find that the Eastern District of Missouri will still be more convenient for i) conducting any discovery that might be necessary on such matters as the adequacy of the class settlement, ii) the continuing pretrial proceedings that might be necessary in any related action brought by persons that may opt out of the settlement class, and iii) any other pretrial proceedings that come to pass.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the Eastern District of North Carolina be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Eastern District of Missouri be, and the same hereby are, transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable John F. Nangle for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

SCHEDULE A

Southern District of Illinois

Alfred P. Bell, et al. v. Chrysler Motors Corporation, C.A. No. 87-5294
Rachel Krug v. Chrysler Motors Corporation, C.A. No. 87-5295

Southern District of New York

Therese Jordan, et al. v. Chrysler Corporation, C.A. No. 87-CIV-4616

Eastern District of North Carolina

Chrysler Motors Corporation v. Joe Cullipher Chrysler-Plymouth, Inc., et al., C.A. No. 87-16-CIV-4

Eastern District of Pennsylvania

Patricia Bacon, et al. v. Chrysler Corporation, C.A. No. 87-4104

James Donaldson v. Chrysler Motors Corporation, C.A. No. 87-3920

Eastern District of Missouri

Shirley A. Jones v. Chrysler Motors Corporation, C.A. No. 87-1180-C-3
George Saitta, et al. v. Chrysler Motors Corporation, C.A. No. 87-1201-C-3
Keith Stennes, et al. v. Chrysler Motors Corporation, C.A. No. 87-1762-C-5

Eastern District of Michigan

Marjory E. Battle, etc. v. Chrysler Corporation, C.A. No. 87-CV-73248-DT
Robert Casadei, et al. v. Chrysler Motors Corporation, C.A. No. 87-CV-73080-DT
Shirley P. Walitalo, etc. v. Lee Iacocca, et al., C.A. No. 87-CV-072634-DT